IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



STEVEN OWENS,

    Plaintiff,

v.                                        Civil Action No. 3:18CV433

LT. MOORE, et al.,

    Defendants.

## MEMORANDUM OPINION

Steven Owens, a Virginia inmate proceeding pro se, filed this 42 U.S.C. § 1983 action. This action proceeds on Owens's PARTICULARIZED COMPLAINT. ("Complaint," ECF No. 16.) The matter is before the Court on Defendant Moore's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ("Motion to Dismiss," ECF No. 31) and the Court's responsibility to review prisoner actions under 28 U.S.C. §§ 1915(e)(2) and 1915A.[1] For the reasons that follow, the Motion to Dismiss (ECF No. 31) will be granted, and the action will be dismissed without prejudice.[2]

### I. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a

---

    [1] Defendant Moore is the sole remaining defendant.

    [2] The Court corrects the capitalization and punctuation in the quotations from Owens's Complaint.

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

## II. SUMMARY OF PERTINENT ALLEGATIONS

In his Complaint, Owens provides the following allegations with respect to Lieutenant Moore:

> CLAIM #1: Deliberate Indifference
> Supporting Facts: Defendant Lt. Moore arbitrarily refused to remove the Plaintiff from "General Population" after having knowledge that the Plaintiff was being subjected to [Prison Rape Elimination Act] "PREA" violations along with sexual assaults by other inmates which demonstrated a reckless disregard and an excessive risk of irreparable harm to Plaintiff's health and safety in violation of the 8th Amendment.
>
> CLAIM #2: Cruel and Unusual Punishment
> Supporting Facts: Defendant Lt. Moore's deliberate delay and refusal of removing Plaintiff from "General Population" after having knowledge that Plaintiff was suffering "PREA" violations along with sexual assaults, caused the Plaintiff to be attacked and beaten up which was a contributing foreseeable causation to the unnecessary and wanton infliction of pain in violation of the 8th Amendment.

(Compl. 3.)

## III. ANALYSIS

To state an Eighth Amendment claim, an inmate must allege facts showing "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal

offenders pay for their offenses against society." <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380 n.3 (quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" <u>De'Lonta v. Angelone</u>, 330 F.3d 630, 634 (4th Cir. 2003) (quoting <u>Strickler</u>, 989 F.2d at 1381). With respect to claims of inadequate medical treatment under the Eighth Amendment, "the objective component is satisfied by a serious medical condition." <u>Quinones</u>, 145 F.3d at 167.

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

<u>Farmer</u>, 511 U.S. at 837. <u>Farmer</u> teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general

4

facts and the specific risk of harm confronting the inmate." Quinones, 145 F.3d at 168 (citing Farmer, 511 U.S. at 837); see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (quoting Rich, 129 F.3d at 340 n.2).

In order "[t]o discount . . . unadorned conclusory allegations, 'a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). This action is appropriate because "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). In this regard, after setting aside Owens's conclusory allegations, the Complaint does not contain any factual allegations that indicate, prior to any assault, Lt. Moore knew Owens faced a substantial risk of assault, sexual or otherwise.

5

See Iqbal, 556 U.S. at 680-81 (rejecting plaintiffs' "bald allegations" that the defendants "knew of" the offending conduct); Edwards v. Rougeau, 736 F. App'x 135, 137 (6th Cir. 2018). Therefore, Owens claims against Moore will be dismissed without prejudice.

It is certainly possible that Owens could supply sufficient facts to plausibly suggest that Moore knew Owens faced a substantial risk of assault. See Mauwee v. Palmer, 471 F. App'x 594, 595-96 (9th Cir. 2012) (citation omitted) (observing that dismissal of claims should be without prejudice if the defect in pleading may be curable). Therefore, the dismissal is without prejudice to Owens filing a proper amended complaint within thirty (30) days of the date of entry hereof.

### IV. CONCLUSION

Defendant Moore's Motion to Dismiss (ECF No. 31) will be granted. Owens's claims and the action will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Owens and counsel for Moore.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: February 14, 2020
Richmond, Virginia

6